[Cite as *State v. Bazler*, 2018-Ohio-5306.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18-CA-29 |
| CHAD BAZLER | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                               Common Pleas, Case No. 16-CR-605


JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        December 26, 2018


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant

HAWKEN FLANAGAN                 JAMES A. ANZELMO
NATHANIEL H. HURST              Anzelmo Law
Licking County Prosecutor's Office  446 Howland Drive
20 South Second Street, 4th Floor   Gahanna, Ohio  43230
Newark, Ohio  43055

*Hoffman, J.*

{¶1}    Appellant Chad Bazler appeals the judgment entered by the Licking County Common Pleas Court convicting him of two counts of aggravated trafficking in drugs (R.C. 2925.03(A)(1), (C)(1)(a)) and sentencing him to eighteen months incarceration on each count, to be served consecutively.  Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    In 2016, Courtney Zigan was working with Newark Police officer Todd Green as a confidential informant, in exchange for having her felony drug charges reduced to a misdemeanor.  Zigan identified Appellant to police as someone she could purchase drugs from in a controlled buy.

{¶3}    On June 6, 2016, Officer Green arranged a controlled buy between Zigan and Appellant.  Zigan called Appellant to arrange to buy methamphetamine.  The call was recorded and monitored by police.  Appellant sent a text to Zigan to meet him at the Taco Bell in Heath in ten minutes.  Police searched the informant and her vehicle, fitted her with a covert transmitter recorder, and provided her with $50 in cash.

{¶4}    Officer Green followed Zigan to Taco Bell.  Green knew Appellant from past dealings, and recognized Appellant in a silver Chevy in the Taco Bell parking lot.  A woman, also known to Green, came out of the Taco Bell and hugged Zigan.  Green watched the informant's hands at all times to make sure she was not given drugs by the other woman.  He watched a hand-to-hand exchange between Zigan and Appellant through the passenger door of the vehicle.  The drugs Zigan purchased from Appellant were tested and found to be methamphetamine.

{¶5}    Again on July 12, 2016, Green arranged another recorded phone call between Zigan and Appellant.  Appellant told Zigan to meet him in the Giant Eagle parking

lot. She was again searched and fitted with a recorder. Police gave her $50 in cash for the drug buy. Green stayed farther away from the transaction so as to avoid being recognized by Appellant. However, he heard Detective Greg Collins over the radio say Appellant exited his vehicle and walked to Zigan's vehicle. Zigan again purchased methamphetamine from Appellant using the money provided by police.

{¶6} Appellant was interviewed by Officer Green on March 31, 2017. Appellant admitted he sold drugs in the past, but claimed he stopped because he had a new job.

{¶7} Appellant was indicted by the Licking County Grand Jury on two counts of aggravated trafficking in drugs. The case proceeded to jury trial in the Licking County Common Pleas Court. He was convicted on both counts and sentenced to eighteen months incarceration on each count, to be served consecutively, for an aggregate term of incarceration of thirty-six months. It is from the February 21, 2018 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. CHAD BAZLER'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

II. CHAD BAZLER'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS

TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT UNLAWFULLY ORDERED BAZLER TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

IV. BAZLER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

I.

{¶8} In his first assignment of error, Appellant argues the judgment is not based on sufficient evidence because the State failed to prove a proper chain of custody of the methamphetamine.

{¶9} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶10} Appellant was convicted of two counts of aggravated trafficking in drugs in violation of R.C. 2925.03:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance or a controlled substance analog;

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(1)(b), (c), (d), (e), or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶11} Appellant argues in the absence of testimony from the person who transported the drugs to BCI for testing, the State failed to prove the drugs tested were, in fact, the drugs Appellant allegedly sold to the informant. This Court has previously recognized this argument is not cognizable in a sufficiency of the evidence claim:

Appellant also argues that in the absence of the testimony of David Billings, there is a missing link in the chain of custody, which demonstrates

insufficient evidence that the arresting officer recovered a controlled substance from her motor vehicle. Chain of custody is part of the authentication and identification mandates set forth in Evid. R. 901. *State v. Barzacchine* (1994), 96 Ohio App.3d 440, 645 N.E.2d 137. Any break in the chain of custody goes to the credibility, or weight of the evidence, and not to admissibility. Id. The State is not required to prove a perfect, unbroken chain of custody. *State v. Keene*, 81 Ohio St.3d 646, 693 N.E.2d 246, 1998-Ohio-342.

We first note that appellant has not challenged the manifest weight of the evidence, but rather the sufficiency of the evidence. As a break in the chain of custody goes to the credibility or weight of the evidence, and not its admissibility, chain of custody is not an appropriate consideration on a claim that the State presented insufficient evidence to allow a rational trier of fact to find the elements of the crime proven beyond a reason [sic] doubt.

**{¶12}** *State v. Bias*, 5th Dist. Licking No. 02-CA-00044, 2002-Ohio-4539, ¶¶ 11-12.

**{¶13}** Appellant did not object to the admission of the methamphetamine into evidence, nor does he assign plain error to its admission. Appellant's claim the State failed to prove chain of custody goes to the weight to be given to the evidence, and is not an appropriate consideration on a claim the State presented insufficient evidence to allow a rational trier of fact to find the elements of the offense proven beyond a reasonable doubt.

**{¶14}** The first assignment of error is overruled.

II.

**{¶15}** In his second assignment of error, Appellant argues the judgment of conviction is against the manifest weight of the evidence.

**{¶16}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶17}** Appellant argues the only witness who testified to firsthand knowledge of the drug transactions is the informant, and her testimony is not credible because she was involved with the police as an informant for the sole purpose of reducing her own drug charges. He argues the police only witnessed the transactions from afar, and therefore their testimony is of little value. He also argues the State failed to prove chain of custody, and therefore the record does not demonstrate the drugs trafficked were the same drugs tested.

**{¶18}** Officer Green testified as to the procedures employed by police to ensure the reliability of the controlled buy. He testified prior to each buy, Zigan and her vehicle were searched. Careful surveillance was maintained of Zigan as she traveled to the spot designated by Appellant for each of the controlled buys. The controlled purchases were monitored through both visual surveillance and through live audio of the informant's

interaction with Appellant. He testified on June 6, 2016, he carefully watched Zigan's hands during the entire transaction. He also testified on June 6, 2016, he saw the hand-to-hand transaction between Zigan and Appellant. Det. Greg Collins identified Appellant as the person he observed approach Zigan's vehicle on July 12, 2016, in the Giant Eagle parking lot. After each purchase, police maintained surveillance of Zigan's vehicle until they reached a meeting spot, at which time she gave them the drugs purchased from Appellant and both her person and her vehicle were again searched.

{¶19} Zigan testified on both occasions she received methamphetamine from Appellant in exchange for the money police gave her for the controlled buy. She identified the voices on the audio recordings of the recorded calls and the transactions themselves, and the recordings were played for the jury. Although she was working for the police in exchange for a reduction of her own drug charges, the jury was in a better position than this Court to judge her credibility. Further, the jury was aware of the deal she made with the police and the fact she had previous drug charges.

{¶20} Officer Green additionally testified when he interviewed Appellant on March 31, 2017, Appellant admitted he had sold drugs in the past, although now he had a job and was no longer selling drugs.

{¶21} Officer Green testified the manila envelopes containing the substance tested and found to be methamphetamine by BCI were the envelopes he placed the baggies of methamphetamine in and put in the evidence locker at the Licking County Sheriff's Office. Appellant cross-examined him at length concerning his claim not every person who potentially handled the drugs appeared on the chain of custody as set forth on the manila envelopes. However, while there was a suggestion persons not noted on

the chain of custody may have had access to the drugs, the documentary evidence submitted in the case reflects the agency number is the same in each case on the property records filled out in the Licking County Sheriff's Office, the evidence submission sheets at BCI, and the reports of the tests results. We find the jury did not lose its way in concluding the drugs tested by BCI were in fact the drugs seized by Officer Green from the controlled buys.

**{¶22}** Based on the evidence presented at trial, we find the judgment is not against the manifest weight of the evidence.

**{¶23}** The second assignment of error is overruled.

III.

**{¶24}** In his third assignment of error, Appellant argues the trial court failed to make the findings during the sentencing hearing required by R.C. 2929.14(C)(4) to impose consecutive sentences.

**{¶25}** R.C. 2929.14(C)(4) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶26}** When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶27}** In the sentencing entry, the trial court found pursuant to R.C. 2929.14(C)(4)(c) Appellant's history of criminal conduct demonstrates consecutive

sentences are necessary to protect the public from future crime by the offender. While the court did not use the statutory language at the sentencing hearing, the trial court stated on the record:

> Well, Mr. Bazler, the Court's considered the purposes and principles of sentencing set out under Section 2929.11, as well as the seriousness and recidivism factors set out under Section 2929.12. My recollection is that this is your fifth felony conviction since 2013, and I also recall we should have had this trial in August but you failed to appear for your jury trial then, so you've had ample opportunity to get that accomplished. And you didn't show up until you were arrested sometime in December I believe after I'm pretty sure your bond forfeiture hearing was continued once or twice.

> While your case was pending before you failed to show up, you were dirty for Methamphetamine. You were using during that period of time, and if I'm not mistaken, you've been serving a sentence for fleeing at the jail from Muni Court from when they caught you on your bond. So, you've had lots of opportunity to do the right thing and you haven't done it, it doesn't - - it appears to me.

**{¶28}** Tr. 234-35.

**{¶29}** From the trial court's statements at the sentencing hearing, we can discern the trial court engaged in the correct analysis. Appellant does not argue the record fails

to support the court's findings concerning his history of criminal conduct, but only argues the sentence is contrary to law because of the court's failure to make the requisite findings. We find the trial court's statements at the hearing were sufficient to comply with *Bonnell, supra.,* and R.C. 2929.14(C)(4).

**{¶30}** The third assignment of error is overruled.

IV.

**{¶31}** In his fourth assignment of error, Appellant argues trial counsel was ineffective for failing to move to waive court costs.

**{¶32}** In *State v. Davis,* 5th Dist. Licking No. 17-CA-55 (Dec. 20, 2017), ¶ 27, this Court reviewed this issue and determined the following:

> We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs. Because R.C. 2947.23(C) grants appellant the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing.

**{¶33}** We note this court's decision in *Davis* has been accepted for review by the Supreme Court of Ohio upon certification of a conflict with the decision in *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. Unless a decision is rendered on the issue to the contrary in the future, this Court will continue to abide by its decision in *Davis.*

**{¶34}** The fourth assignment of error is overruled.

**{¶35}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur